UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **VALORIE KIEL COX** | ) |
| | ) |
|     **Movant/Defendant,** | ) |
| | ) **Case Numbers:** |
| vs. | ) **5:16-cv-8005-CLS** |
| | ) **5:17-cv-8048-CLS** |
| | ) **5:18-cv-8014-CLS** |
| **UNITED STATES OF AMERICA,** | ) **5:08-cr-248-CLS-SGC** |
| | ) |
|     **Respondent.** | ) |

## MEMORANDUM OPINION

This action is before the court on three motions to vacate, set aside, or correct sentence, all of which were filed by Valorie Kiel Cox.[1] Cox was sentenced by this court on April 15, 2009, to 360 months' imprisonment following her plea of guilty to one count of second degree murder, in violation of 18 U.S.C. §§111 and 7.[2]

Cox did not appeal her conviction or sentence. Instead, on March 29, 2013, she filed a motion to vacate, correct, or set aside the sentence pursuant to 28 U.S.C. § 2255.[3] She contended that her conviction was obtained as a result of a coerced confession, that she was denied effective assistance of counsel, and that her plea

---

[1] *See* doc. no. 1 in case no. 5:16-cv-8005-CLS; doc. no. 1 in 5:17-cv-8048-CLS; doc. no. 1 in 5:18-cv-8014-CLS.

[2] Doc. no. 12 (Judgment), in case no. 5:08-cr-00248-CLS-SGC.

[3] Doc. no. 1 in case no. 5:12-cv-8013-CLS-MHH; doc. no. 40 in case no. 5:08-cr-00248-CLS-SGC.

agreement deprived her of the right to appeal. The magistrate judge to whom the motion was referred recommended that the motion be denied because it was untimely, and also because it did not contain sufficient factual allegations to entitle her to § 2255 relief.[4] Cox did not file an objection to the magistrate judge's report and recommendation, and this court entered a memorandum opinion and order on March 29, 2013, adopting the report and recommendation, and ordering that Cox's motion to vacate, set aside, or correct sentence be dismissed with prejudice.[5]

The motions currently under consideration were filed on February 1, 2016, December 18, 2017, and May 31, 2018, respectively. In the first motion, Cox asserts that she was denied ineffective assistance of counsel in violation of her Sixth Amendment rights, that her sentence was wrongfully enhanced as a deliberate act in violation of her Fifth Amendment due process rights, and that her sentence constituted cruel and unusual punishment in violation of her Eighth Amendment rights.[6] In the second motion, Cox again asserts that her attorney provided ineffective assistance and that her sentence violated her Eighth Amendment rights.[7] In the third

---

[4] Doc. no. 3 (Report and Recommendation), in case no. 5:12-cv-8013-CLS-MHH.
[5] *See* doc. no. 4 (Order) in case no. 5:12-cv-8013-CLS-MHH.
[6] Doc. no. 1 in case no. 5:16-cv-8005-CLS.
[7] Doc. no. 1 in case no. 5:17-cv-8048-CLS.

motion, Cox asserts that the restitution payment imposed upon her was unconstitutional, and she reiterates her ineffective assistance of counsel argument.[8]

Before filing a second or successive motion pursuant to 28 U.S.C. § 2255, a prisoner must first seek an authorizing order from the applicable court of appeals — here, the Eleventh Circuit. *See* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."); 28 U.S.C. § 2244. That requirement is jurisdictional in nature. *See, e.g., Burton v. Stewart,* 549 U.S. 147, 153 (2007). Here, even though these are Cox's second, third, and fourth § 2255 motions, she did not seek prior authorization from the Eleventh Circuit. Accordingly, this court lacks jurisdiction to consider the motions.

An appropriate judgment will be entered contemporaneously herewith.

DONE and ORDERED this 20th day of August, 2018.

_____
United States District Judge

---

[8] Doc. no. 1 in case no. 5:18-cv-8014-CLS.